UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARIEL MCCRANEY | CIVIL ACTION |
| VERSUS | NO. 22-4524 |
| PROGRESSIVE PALOVERDE INS. CO. ET AL. | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is defendant United States of America's unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[1] For the following reasons, the Court GRANTS defendant's motion.

## I. BACKGROUND

This case arises from an automobile collision involving plaintiff and Christopher Speer, an engineer for the United States Nuclear Regulatory Commission. Plaintiff sued Speer and Progressive Paloverde Insurance Company ("Progressive") in the First City Court for the City of New Orleans.[2] On November 15, 2022, Peter Mansfield, Assistant United States Attorney and Chief of the Civil Division for the Eastern District of Louisiana, filed a

---

1 R. Doc. 5.
2 R. Doc. 1-1.


notice of removal pursuant to the Westfall Act certifying that Speer was working in his capacity as a federal employee at the time of the alleged accident[3] and substituting the United States of America as defendant in place of Speer. The Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish the scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).[4]

The United States now moves to dismiss plaintiff's claim under Fed. R. Civ. P. 12(b)(1).[5] The United States contends that because it was substituted as a defendant, the claim against it must proceed under the Federal Tort Claims Act (the "FTCA"), which requires plaintiffs to exhaust their administrative remedies before filing a civil action.[6] The United States

---

3 R. Doc. 1-2.
4 R. Doc. 1.
5 R. Doc. 5.
6 R. Doc. 5-2 at 1.

asserts that because plaintiff has not done so, this Court lacks jurisdiction over plaintiff's claim.[7]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

7 *Id.*

## III. DISCUSSION

The Westfall Act immunizes federal employees from liability for tort claims arising out of acts undertaken in the course of their official duties. "Following certification, removal, and substitution, an action subject to the Westfall Act proceeds as an action against the United States under the FTCA and is subject to the FTCA's 'limitations and exceptions.'" *Barnes v. Gittel*, 650 F. App'x 236, 240-41 (quoting § 2679(d)(4)). These "limitations and exceptions" include the "jurisdictional prerequisite" that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency," and the claim "shall have been finally denied by the agency in writing." *Id.* (quoting 28 U.S.C. § 2675(a)); *see also Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) ("The requirement of exhaustion of administrative review is a jurisdictional prerequisite to filing and maintaining a suit under the FTCA."). Because the administrative-exhaustion requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. *Gregory*, 634 F.2d at 203-04.

In this case, it is undisputed that plaintiff did not present her claim to the appropriate federal agency before filing suit.[8] The Court thus dismisses

---

8 R. Doc. 5-3.

plaintiff's claim against the United States for lack of jurisdiction. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [FTCA], and absent compliance with the statute's requirement the district court was without jurisdiction."); *see also Robinett v. State Farm Mut. Auto. Ins. Co.*, No. 02-0842, 2002 WL 1822933, at *2 (E.D. La. Aug. 8, 2002) (dismissing FTCA claim for lack of subject matter jurisdiction because plaintiff did not exhaust administrative remedies before filing suit).

Having dismissed plaintiff's claim against the United States, the Court is inclined to remand plaintiff's remaining claim against Progressive if the only basis for jurisdiction over that claim is supplemental jurisdiction. 28 U.S.C. § 1367 (a district court may decline to exercise supplemental jurisdiction over a remaining claim once it has "dismissed all claims over which it has original jurisdiction"); *see also Kelly v. Shipley*, No. 22-1880, 2022 WL 13936810, at *3 (E.D. La. Oct. 24, 2022) (remanding claims against non-federal defendants after FTCA claim against United States was dismissed for failure to exhaust); *Schexnayder v. St. Charles Parish*, No. 12-416, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012) (same). The Court is unable to discern from the record whether diversity jurisdiction exists over plaintiff's claim against Progressive. Plaintiff and Progressive are thus

ordered to advise the Court concerning the basis, if any, of this Court's jurisdiction over that claim. *See Leal v. BR Healthcare Sols., LLC*, 201 WL 9435573, at *2 (W.D. Tex. Sept. 20, 2017) (ordering supplemental briefing regarding jurisdiction over remaining claim against non-federal defendant after dismissing FTCA claim against the United States for failure to exhaust administrative remedies).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss, and dismisses plaintiff's claim against the United States WITHOUT PREJUDICE.

Plaintiff and Progressive are hereby ordered to advise the Court in writing within fourteen (14) days whether plaintiff's remaining claim against Progressive can be remanded under 28 U.S.C. § 1367, or whether diversity jurisdiction exists.

New Orleans, Louisiana, this 20th day of January, 2023.

Sarah Vance
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE