UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARIEL MCCRANEY | CIVIL ACTION |
| VERSUS | NO. 22-4524 |
| PROGRESSIVE PALOVERDE INS. CO. ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Progressive Paloverde Insurance Company's ("Progressive") unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court GRANTS defendant's motion.

## I. BACKGROUND

This case arises from an automobile collision involving plaintiff and Christopher Speer, an engineer for the United States Nuclear Regulatory Commission. Plaintiff sued Speer and Progressive, Speer's insurer, in the First City Court for the City of New Orleans.[2] On November 15, 2022, Peter Mansfield, Assistant United States Attorney and Chief of the Civil Division

---

[1] R. Doc. 8.
[2] R. Doc. 1-1.

for the Eastern District of Louisiana, filed a notice of removal pursuant to the Westfall Act certifying that Speer was working in his capacity as a federal employee at the time of the alleged accident[3] and substituting the United States of America as defendant in place of Speer. The Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish the scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).[4]

The United States then moved to dismiss plaintiff's claim on the grounds that because the United States was substituted as a defendant, the claim against it must proceed under the Federal Tort Claims Act (the "FTCA"), which requires plaintiffs to exhaust administrative remedies before filing a civil action.[5] The United States asserted that because plaintiff had

---

[3]   R. Doc. 1-2.
[4]   R. Doc. 1.
[5]   R. Doc. 5-2 at 1.

not done so, this Court lacked jurisdiction over plaintiff's claim.[6] The Court granted the motion and dismissed plaintiff's claim against the United States for failure to exhaust administrative remedies.[7] In its Order and Reasons dismissing plaintiff's claim against the United States, the Court noted that it was unclear from the record whether the Court had diversity jurisdiction over the plaintiff's claim against Progressive, the only outstanding defendant in this case, and ordered the parties to brief the issue.[8]

In response to the Court's Order and Reasons, Progressive filed a motion to dismiss in which it argues that the Court has jurisdiction over plaintiff's claim against Progressive and urges the Court to dismiss that claim on the grounds that because Speer is immune from liability, plaintiff's claim against Progressive must be dismissed.[9] Progressive also argues that the claim is expressly excluded from coverage by the terms of the insurance policy it issued to Speer. Plaintiff does not oppose Progressive's motion, nor did she respond to the Court's order for briefing on the jurisdictional issue.

The Court considers Progressive's motion below.

## II. LEGAL STANDARD

---

[6] *Id.*
[7] R. Doc. 6.
[8] *Id.* at 5-6.
[9] R. Doc. 7.

3

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

4

## III. DISCUSSION

### A. Jurisdiction over Plaintiff's Claim against Progressive

This case was removed to this Court from the First City Court for the City of New Orleans pursuant to the Westfall Act, which provides that tort claims brought against federal employees working in the scope of their employment "shall be removed . . . to the district court of the United States for the district . . . embracing the place in which the action or proceeding is pending," and that "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). After dismissing plaintiff's claim against the United States, the Court observed that it was unclear from the record whether the Court had jurisdiction over plaintiff's remaining claim against Progressive, as plaintiff did not specify Progressive's citizenship or the amount in controversy in her state-court petition for damages.[10] *See Leal v. BR Healthcare Sols., LLC*, No. 17-740, 2017 WL 9435573, at *2 (W.D. Tex. Sept. 20, 2017) (ordering supplemental briefing regarding jurisdiction over

---

[10] R. Doc. 6 at 5-6.

5

remaining claim against non-federal defendant after dismissing FTCA claim against the United States for failure to exhaust administrative remedies).

Progressive asserts that the Court has both federal question and diversity jurisdiction over plaintiff's claim.[11] Progressive does not articulate the basis of its argument that the Court has federal question jurisdiction over plaintiff's claim against Progressive. Indeed, plaintiff's claim against Progressive is not based on federal law, and in similarly situated cases, courts in this district have concluded that federal question jurisdiction no longer exists after cases have been removed pursuant to the Westfall Act and the United States has been dismissed for failure to exhaust administrative remedies. *See, e.g.*, *Kelly v. Shipley*, No. 22-1880, 2022 WL 13936810, at *3 (E.D. La. Oct. 24, 2022) (declining to exercise supplemental jurisdiction against non-federal defendants after FTCA claim against the United States was dismissed for failure to exhaust administrative remedies).

In support of its claim that the Court has diversity jurisdiction over this matter, Progressive asserts that plaintiff is a citizen of Louisiana, and that Progressive is a citizen of Ohio, the state in which it is incorporated and operates its principal place of business.[12] It further contends that the amount

---

[11]  R. Doc. 7 at 1.
[12]  R. Doc. 7 at 3.

6

in controversy exceeds $75,000. In support of its assertion, Progressive submits the demand that counsel for plaintiff sent Progressive, which seeks a payment of the policy limits.[13] Progressive also submits the insurance policy, which demonstrates that the policy limits exceed $75,000.[14] As a general matter, "[t]he burden of the removing party is to distinctly and affirmatively allege the citizenship of each party in its notice of removal, not to supply any accompanying evidence verifying those allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014); *see also Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (internal citation omitted)). Even if Progressive's uncontroverted representations regarding its citizenship in its brief, as opposed to allegations in a notice of removal or sworn affidavit, were insufficient to establish diversity jurisdiction, the Court nevertheless finds that it is appropriate to exercise supplemental jurisdiction over plaintiff's claim.

Under 28 U.S.C. § 1367(c)(3), when federal-law claims that serve as the basis of subject matter jurisdiction are dismissed, and only state-law claims

---

13  R. Doc. 7-1 (plaintiff's demand for policy limits).
14  R. Doc. 7-2 (Progressive policy showing policy limit of $100,000 for bodily injury and property damage to others).

7

based on supplemental jurisdiction remain, a district court has broad discretion to remand the state-law claims. *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished, [and] the decision as to whether to retain the pendent claims lies within the sound discretion of the district court."); *see also Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." (citation omitted)).

In deciding whether to remand the remaining state-law claims, courts must "analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendant state law claims." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). The relevant statutory factors are those found in section 1367, which permit district courts to decline supplemental jurisdiction where "(1) the claim[s] raise novel or complex issue of state law, (2) the [state] claim[] substantially predominate[s] over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are

8

other compelling reasons for declining jurisdiction." *Id.* The common law factors include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, no party contends that the Court should exercise its discretion to remand the state-law claim against Progressive, and although the Court has dismissed the federal claim in this matter, the state-law claim against Progressive does not raise novel or complex issues of state law, nor has any party identified "compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 158. Further, the Court finds that exercising supplemental jurisdiction in this case by resolving plaintiff's claim against Progressive would best serve judicial economy. The Court will thus proceed to the merits of plaintiff's claim against Progressive.

### 2. Merits of Plaintiff's Claim against Progressive

Plaintiff sued Speer for negligence, and she sued Progressive "in solido" for the damages Speer's negligence allegedly caused.[15] Progressive contends that because Speer is immune from liability pursuant to the Westfall Act, plaintiff's claim against Progressive must likewise be dismissed. The Westfall Act provides, in relevant part, that "[t]he remedy against the

---

[15] R. Doc. 1-1 at 2.

9

United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is *exclusive of any other civil action or proceeding for money damages* by reason of the same subject matter against the employee whose act or omission gave rise to the claim[.]" 28 U.S.C. § 2679(b)(1) (emphasis added).

Progressive does not identify, nor is the Court aware of, any Fifth Circuit cases analyzing the impact of substitution of the United States as defendant pursuant to the Westfall Act on a plaintiff's claims against the federal employee's insurer. Nevertheless, the Court of Appeal of Louisiana, Third Circuit, addressed this question "as a matter of first impression in Louisiana" and held that the exclusivity provision of the Westfall Act "operate[s] to bar a suit for personal injury damages against the personal automobile liability insurer of the federal employee." *Danzy v. U.S. Fidelity & Guar. Co.*, 373 So. 2d 995, 995 (3d Cir. 1979). Other courts have reached similar conclusions. *See Smith v. Rivest*, 396 F. Supp. 379, 381 (E.D. Wis. 1975) (dismissing action against federal employee's insurer because the exclusive remedy lies against the United States); *Schneider v. United* States, No. 06-964, 2007 WL 9734247, at *5 (D.N.M. Apr. 30, 2007) ("[T]he

10

viability of plaintiff's claims against [the federal employee's insurer] depends on whether the Westfall Act grants [the federal employee] immunity from being sued in his personal capacity for acts that occurred within the scope of his employment as an Air Force officer . . . [w]ithout an underlying state-law claim against [the federal employee], there is no legally sufficient basis upon which to assert a claim . . . against [the insurer]."); *Singleton v. Burchfield*, 362 F. Supp. 2d 1291, 1296-97 (M.D. Ala. 2005) (dismissing plaintiffs' claim for uninsured motorist coverage, which is only available if the uninsured motorist is "legally liable for damage to the insured," because the uninsured motorist was acting within the scope of his federal employment and therefore was not "legally liable for damage to the insured").

This outcome is consistent with the general principle that "[a]n action against a federal employee who has been certified as acting in the scope of her employment must proceed *exclusively* against the United States." *Mitchell v. Carlson*, 896 F.2d 128, 134 (5th Cir. 1990) (emphasis in original); *see also id.* at 135 ("Congress clearly intended the FTCA, with all of its exclusions and limitations, to provide the sole remedy for persons injured by federal employees acting within the scope of their employment."). It is also consistent with the premise that Louisiana's direct-action statute permits injured plaintiffs to bring claims against insurers that are derivative of "his

11

substantive right against the insured tortfeasor." *McAvey v. Lee*, 260 F.3d 359, 367 (5th Cir. 2001).

Plaintiff's claim against Progressive is independently subject to dismissal because the insurance policy Progressive issued to Speers does not cover plaintiff's claim. Under Louisiana law, the "insurer bears the burden of proving the applicability of an exclusionary clause within the policy." *Coleman v. School Board of Richland Parish*, 418 F.3d 511, 516-1 (5th Cir. 2005). The policy at issue here expressly excludes coverage for "any obligation for which the United States Government is liable under the Federal Tort Claims Act."[16] Progressive contends, and plaintiff does not contest, that this clause expressly excludes coverage of plaintiff's claim.[17]

---

[16] R. Doc. 7-2 at 12. The Court may consider the terms of the policy on this motion to dismiss because it constitutes a "document[] attached to the motion to dismiss that [is] central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[17] R. Doc. 7 at 3.

The Court thus finds that dismissal of plaintiff's claim against Progressive is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff's claim against Progressive is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __15th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE